**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4881**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES RHETT MILLER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:07-cr-00936-HMH-1)

Submitted:  June 13, 2019                                        Decided:  June 17, 2019

Before WYNN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Rhett Miller appeals the district court's judgment revoking his supervised release and imposing a sentence of 24 months of imprisonment. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning the reasonableness of Miller's sentence. Although advised of his right to do so, Miller has not filed a pro se supplemental brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, [we] must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *see* 18 U.S.C. § 3583(e) (2012). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal

2

quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007).

We conclude that the district court's explanation of Miller's within-policy-statement-range sentence, in discussing Miller's repeated noncompliance with the terms of his supervised release, satisfies this standard. *See Thompson*, 595 F.3d at 547 ("[A] district court's reasons for imposing a within-range sentence may be clear from context including the court's statements to the defendant throughout the sentencing hearing." (internal citations omitted)). We find Miller's sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Miller, in writing, of the right to petition the Supreme Court of the United States for further review. If Miller requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Miller. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*